IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| HATTONS FORD RD., LLC and NEW VISION TRUST CFBO BOBBY L PARTAIN JR IRA, | ) ) ) ) | C.A. No. 8:24-cv-06365-DCC |
| Plaintiffs, | ) ) | |
| v. | ) ) | **OPINION AND ORDER** |
| ANDERSON COUNTY and ANDERSON COUNTY COUNCIL, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiffs' Motion to Remand. ECF No. 7. Defendants filed a response, and Plaintiffs filed a reply. ECF Nos. 12, 13. For the following reasons Plaintiffs' Motion is denied.

## I. BACKGROUND

This case arises out of a dispute concerning the zoning of Plaintiffs' real property, which is located in Townville in Anderson County, South Carolina (the "Property"). ECF No. 1-1 at 1. The Property is located on the lake and was purchased by Plaintiffs in June of 2021 with the purpose of subdividing it into separate residential lots. *Id*. at 2. The Property was not zoned when Plaintiffs purchased it. *Id.* After Plaintiffs purchased the Property, Defendants zoned the Property as R-A because the Property had not yet been subdivided. *Id.* at 2–3. R-A is a zoning code indicated agriculture zoning, whereas R-20 indicates residential zoning. *Id*. at 3. Plaintiffs were paying taxes on the Property as though it were zoned as R-20. *Id*. at 4. Plaintiffs contend that of the over 1,000 acres of

lakefront property in Anderson County, only 30 acres are zoned as R-A, 4.72 acres of which is the Property at issue here.  *Id*.  Plaintiffs submitted a rezoning application seeking to have the Property rezoned as R-20, which Defendants initially voted in favor of but then later denied.  *Id.*  Defendants represented to Plaintiffs that their application was denied because Plaintiffs waited too long to initiate the zoning reclassification process.  *Id.*  Plaintiffs allege, however, that property owners who were similarly situated and waited longer to submit a rezoning application would be approved, but since Plaintiffs' application was submitted in close proximity to the rezoning effort their application was denied.  *Id.* at 4–5.  Based on Defendants' conduct, Plaintiffs allege Defendants acted in an arbitrary and capricious manner to single out Plaintiffs for disparate treatment by spot zoning the Property inconsistently with Defendants' zoning plan and treatment of surrounding properties.  *Id.*

On September 5, 2024, Plaintiffs filed their Complaint in the Anderson County Court of Common Pleas alleging that Defendants violated their civil and constitutional rights under federal and state laws.  ECF No. 1-1 at 6–10.  Specifically, Plaintiffs allege Defendants' actions were in violation of their due process rights under the United States Constitution and South Carolina Constitution and Plaintiffs seek relief under 42 U.S.C. §§ 1983 and 1988 and S.C. Code Ann. § 15-77-300.  *Id.* at 6, 8–10.  On November 8, 2024, Defendants removed the action to this Court citing 28 U.S.C. § 1331 as the basis for the Court's jurisdiction.  ECF No. 1 at 2.  On December 6, 2024, Plaintiffs moved to remand.  ECF No. 7.  Defendants responded in opposition and Plaintiff replied.  ECF Nos. 12, 13.  This matter is now ripe for review.

## II. APPLICABLE LAW

Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when they have been given the authority to do so by the Constitution and by federal statute. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises under federal law or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizen of different states. *See* 28 U.S.C. §§ 1331, 1332. Also, district courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Shanaghan v. Cahill*, 58 F.3d 106, 109–110 (4th Cir. 1995) (quoting 28 U.S.C. § 1367(a)).

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447(c) and (d). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). "Because removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction." *Id.* at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)). Thus, remand is necessary if federal jurisdiction is doubtful. *Id.* (citing *In re*

*Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

### III. DISCUSSION

Defendants removed this matter pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446. ECF No. 1 at 1. Plaintiffs contend, however, that this Court lacks subject matter jurisdiction. ECF no. 7-1 at 1. Plaintiffs additionally argue remand is appropriate because state law predominates this action, any federal constitutional claims are closely related to the state constitutional claims, and any federal law claims are factually tied to the state law claims. *Id.* at 2–4. Defendants maintain that the removal of this case to federal court was proper because the Complaint presents federal questions on its face. ECF No. 12 at 1. Defendants further contend the Court has supplemental jurisdiction over any related state law claims because they "derive from a common nucleus of operative fact" as the federal claims. *Id.* at 4. In reply, Plaintiffs assert the Court should decline to exercise jurisdiction based on the *Burford* abstention doctrine. ECF No. 13 at 5–7. The Court addresses these arguments below.

**A. The Court Has Original Jurisdiction Over This Action.**

First, the Court addresses whether it has subject matter jurisdiction to hear this action. Plaintiffs have set out four counts in their Complaint[1]: (1) a claim for violation of due process rights under both the South Carolina Constitution and United Staes Constitution and seeking recovery based on 42 U.S.C. § 1983; (2) a claim for "weight of the evidence," which seeks redress based on the inconsistent treatment of the Property

---

[1] The Court notes Plaintiffs have listed two separate causes of actions as the "third cause of action." ECF No. 1-2 at 8–10.

4

in violation of the Fourteenth Amendment of the United States Constitution; Article I, Section 3 of the South Carolina Constitution; and S.C. Code Ann. § 6-29-720; (3) a claim deprivation of civil rights under 42 U.S.C § 1983 based upon Defendants' alleged violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution; and (4) a claim for attorney's fees pursuant to S.C. Code Ann. § 15-77-300.[2] ECF No. 1-2 at 6–10.  Defendants assert jurisdiction exists in this case pursuant to § 1331 because Plaintiffs' claims arise under the Constitution, laws, or treaties of the United States.  ECF No. 1 at 1.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "To sustain [a claim of federal question jurisdiction], the complaint must . . . contain allegations 'affirmatively and distinctly' establishing federal grounds, 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.'" *Burgess v. Charlottesville Savings & Loan Ass'n,* 477 F.2d 40, 43 (4th Cir. 1973) (citations omitted). The mere existence of a disputed issue of federal law does not necessarily confer federal question jurisdiction.  *Goldsmith v. Mayor & City Council of Baltimore,* 845 F.2d 61, 64 (4th Cir.1988) (citing *McCorkle v. First Pa. Banking & Trust Co.,* 459 F.2d 243 (4th Cir.1972)).  To a considerable extent, a plaintiff is the master of

---

[2] The Court notes that Plaintiffs also seek attorney's fees in their prayer for relief pursuant to federal law, 42 U.S.C. § 1988.

his claim and should be free to frame and pursue his theory of pleading, especially if the claim could be state or federal. *Caterpillar Inc.,* 482 U.S. at 387.

Given this standard for determining whether removal was proper, the Court concludes that this action was properly removed. Specifically, Plaintiffs, who are the master of their Complaint, alleged on the face of the Complaint that Defendants violated their due process and equal protection rights under the United States Constitution and they are entitled to relief pursuant to 42 U.S.C. §§ 1983 and 1988 for Defendants' actions. ECF No. 1-1 at 6, 8–10. Plaintiffs' claims represent more than just "[t]he mere existence of a disputed issue of federal law." Plaintiffs have alleged multiple claims based upon federal law and these federal claims constitute the lion's share of Plaintiffs' causes of action and theories of liability. *Id.* In sum, because Plaintiffs chose to include federal causes of action in the Complaint, Plaintiffs thereby left "the action vulnerable to removal by the defendant." *Spaulding v. Mingo Cnty. Bd. of Educ.,* 897 F.Supp. 284, 287 (S.D.W. Va. 1995) (citations omitted); *Vitarroz Corp. v. Borden, Inc.,* 644 F.2d 960, 964 (2d Cir.1981) ("[A] plaintiff alleging facts that would support a claim founded upon either federal or state law is free to confine his claim to one based on state law and proceed in state court."). Accordingly, the Court finds subject matter jurisdiction exists in this action pursuant to § 1331 and this action was properly removed by Defendants.

Pursuant to § 1367(a), the Court has supplemental jurisdiction over "all other claims that are so related to [the federal] claims in the action . . . that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). Therefore, supplemental jurisdiction "allows parties to append state law claims over which federal courts would otherwise lack jurisdiction, so long as they form part of the same case or controversy." *Id.* (quoting

6

*United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724–26 (1966)).  In deciding whether the claims form part of the same case or controversy, the courts look to whether "[t]he state and federal claims . . . derive from a common nucleus of operative fact." *Gibbs,* 383 U.S. at 725; *see also White v. Cnty. of Newberry, S.C.,* 985 F.2d 168, 171 (4th Cir. 1993) (stating a district court may properly exercise supplemental jurisdiction over state claims if they arise out of a common nucleus of operative facts such that plaintiff would ordinarily be expected to try claims in one judicial proceeding).

After consideration of Plaintiffs' state law claims, the Court finds that they are part of the same case or controversy as Plaintiffs' federal claims.[3]  Specifically, a common nucleus of operative fact, concerning whether Defendants actions violated Plaintiffs' Fourteenth Amendment rights to equal protection and due process underlies all of the claims involved.  ECF No. 1-1 at 6–10.  Plaintiffs' claims rest upon the alleged arbitrary and capricious denial of Plaintiffs' rezoning application and that Plaintiffs were not treated equally and consistently with other lakefront property owners in Anderson County.  *Id.*  Moreover, Plaintiffs' success on its claim for attorney's fees (Plaintiffs' only cause of action that does not directly raise an issue of federal law) turns on the success of its other claims, all of which are reliant on application of federal law.  *Id.*  Thus, the Court may exercise supplemental jurisdiction over the state claims in this case.

**B.  Whether the Court Should Retain Jurisdiction Over Plaintiffs' Claims**

Next, the Court addresses whether even though original jurisdiction exists it should nonetheless decline to exercise jurisdiction.  As an initial matter, the Court recognizes

---

[3] The Court again notes that most of the claims brought under the United States Constitution by Plaintiff are also brought pursuant to the South Carolina Constitution.  *See* ECF No. 1-1 at 6–10.

that the general rule is that federal courts have an "obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976).  The Court has already determined that original jurisdiction exists with respect to Plaintiffs' first three claims, which were all brought under the United States Constitution, the parallel provisions of the South Carolina Constitution, and 42 U.S.C. § 1983.  Additionally, the Court has determined it has supplemental jurisdiction over Plaintiffs' final cause of action, which seeks attorney's fees under S.C. Code Ann. § 15-77-300.

However, the statute concerning supplemental jurisdiction and various prudential doctrines allow courts discretion to decline to exercise jurisdiction in limited circumstances.  *See, e.g.*, 28 U.S.C. § 1367; *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943).  Plaintiffs raise two arguments as to why this Court should, in their discretion, decline to exercise jurisdiction.  First, Plaintiffs contend this action should be remanded because state law issues predominate over federal issues.  ECF No. 7-1 at 4–5.  Second, for the first time in their reply brief, Plaintiffs contend the Court should decline to exercise jurisdiction over this case based on the *Burford* abstention doctrine.  ECF No. 13 at 5–7.  The Court addresses each of these arguments in turn below.

     1. *Predominance of State Law*

First, Plaintiffs argue their Motion to Remand should be granted as to all of their claims because the state law issues in this case predominate over the federal issues. ECF No. 7-1 at 4–5. Plaintiffs cite to *Moore v. DeBiase*, 766 F. Supp. 1331 (D.N.J. 1991), for the proposition that when the "crux of the action" rests on a state law claim, state law predominates and "the federal court ha[s] discretion to remand *all* claims in which it finds

state law predominates." ECF Nos. 7-1 at 4 (quoting *Moore*, 766 F. Supp. at 1319); 13 at 3–4. The *Moore* court relied on 28 U.S.C. § 1441(c), which it reasoned gave a district court discretion to remand "all matters in which State law predominates." *Moore*, 766 F. Supp. at 1315. The United States Court of Appeals for the Third Circuit, however, later rejected the reasoning in *Moore*, explaining that

> [U]nless the federal question claims removed by the defendant were "separate and independent" from the state law claims, § 1441(c) cannot apply and the district court must retain the federal claim. Hence, the district court's discretion to remand under § 1441(c) can pertain only to those *state law claims* which the district court could decline to hear under 28 U.S.C. § 1367.

*Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 786–87 (3d Cir. 1995). Because the court in *Moore* had not determined whether the federal law claims were separate and independent from the plaintiff's state law claims, the Third Circuit found the district court had not properly analyzed whether it had authority to remand. *Id.* at 787. Indeed, in *Borough*, the Third Circuit found that where plaintiff had relied on the same series of events for all counts of their complaint, including the federal counts, the federal claims were not separate and independent under § 1441(c) and the district court did not have authority to remand the case under that section. *Id.* Likewise, here Plaintiffs rely on the same facts for all of their counts and present only one arguably independent state law claim, which is for attorney's fees; all of the other state law claims are all part and parcel to their federal claims. *See* ECF No. 1-1 at 6–10. Accordingly, the Court finds there is no basis for remanding all of Plaintiffs' claim under § 1441(c) and instead turns its attention to whether Plaintiffs' sole state law claim should be remanded. The Court turns to 28 U.S.C. § 1367 for guidance.

9

Although supplemental jurisdiction exists here over Plaintiffs' state law claims, the Court's determination of whether to exercise such jurisdiction is discretionary.  Under 28 U.S.C. § 1367, a court may decline to exercise supplemental jurisdiction based on statutory factors and an analysis of judicial economy, convenience, and fairness to the parties. *Gibbs,* 383 U.S. at 726.  The section 1367(c) factors include whether: (1) the claim raises a novel or important issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) all claims over which the court has original jurisdiction are dismissed, or (4) other compelling reasons exist for declining jurisdiction.  28 U.S.C. § 1367(c).

Plaintiffs argue that this Court should remand this case because the state claims in this case substantially predominate over the federal claims, therefore necessitating remand.  ECF No. 7-1 at 3–4.  Various courts in this Circuit have recognized this question as a "value judgment" based on a "qualitative rather than quantitative analysis."  *Clark v. Milam,* 813 F.Supp. 431, 435 (S.D.W. Va.1993) (citation omitted); *Hunter v. Estate of Baecher,* 905 F.Supp. 341, 344 (E.D. Va. 1995).  Specifically, resolution of whether a Court should, in its discretion, decline to exercise supplemental jurisdiction turns on "'whether the state law claims . . . require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims.'"  *Hunter,* 905 F.Supp. at 344 (citation omitted).

Here, Plaintiffs cannot establish that the state law claims are "more technically or intellectually involved than the federal claims or that those claims are more essential to the relief [Plaintiffs seek.]"  *Id.*  The only claim that is solely based on state law is Plaintiffs' claim for attorney's fees, and as noted above, in their prayer for relief, Plaintiffs also seek

attorney's fees under federal law pursuant to § 1988.  *See* ECF No. 1-1 at 9–10.  In light of these facts, Plaintiffs' allegation that their state law claims predominate in this matter does not warrant a remand of any or all of Plaintiffs' claims.  More specifically, the state law issues are not "so complex or salient as to warrant remand." *Greiner v. Columbia Gas Transmission Corp.,* 41 F.Supp.2d 625, 628 (S.D.W. Va. 1999).  For these reasons, to the extent that Plaintiffs rely on their assertion that the state law issues in this case predominate, Plaintiffs' Motion to Remand is denied.

    2. *Abstaining Under* Burford

In their reply brief, Plaintiffs argue for the first time that the Court should decline to decide the issues raised in this case based on the *Burford* abstention doctrine.  ECF No. 13 at 5–7.  The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered.  *See United States v. Williams,* 445 F.3d 724, 736 n.6 (4th Cir. 2006).  The rationale supporting this rule is that an opposing party would be prejudiced by not having adequate opportunity to respond to arguments raised by reply brief, which is the case here.  *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part sub nom. E.E.O.C. v. Freeman*, 778 F.3d 463 (4th Cir. 2015).  However, the Fourth Circuit has affirmed the district court's consideration of the applicability of the *Burford* doctrine *sua sponte* when the doctrine was clearly applicable under the facts of the case.  *See, e.g.*, *Pomponio v. Fauquier Cnty. Bd. of Sup'rs*, 21 F.3d 1319, 1328 (4th Cir. 1994) (affirming the district court's application of the *Burford* doctrine *sua sponte* where the plaintiff claimed local authorities misapplied zoning laws).

In *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943), the Supreme Court held that a federal district court sitting in equity may, in its discretion, decline to exercise jurisdiction in certain circumstances if abstention is necessary to show proper regard for a state government's domestic policy. 319 U.S. at 317–18. The Fourth Circuit has held that "'cases involving questions of state and local land use and zoning law are a classic example of situations' where *Burford* should apply." *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 282 (4th Cir. 2008) (citations omitted). Thus, "[i]n cases in which plaintiffs' federal claims stem solely from construction of state or local land use or zoning law, not involving the constitutional validity of the same and absent exceptional circumstances . . . , the district courts should abstain under the *Burford* doctrine to avoid interference with the State's or locality's land use policy." *Id.* The Fourth Circuit has consistently found *Burford* abstention appropriate when the claim is really "state law in federal law clothing," and more specifically where federal claims are entirely dependent upon resolution of a plaintiff's state law claim in its favor. *Id.* at 282–83.

While the Court notes there are issues in this case that raise concerns regarding *Burford* abstention, the crux of Plaintiffs' claims concern due process and equal protection of the Fourteenth Amendment based on how Plaintiffs were treated by Defendants as compared to other landowners rather than being hinged on the interpretation of local zoning ordinances. *See* ECF No. 1-1 at 6–10 (alleging violations of the state and federal constitutions based upon Defendants' inconsistent treatment of Plaintiffs' property and denial of a fair hearing regarding their property while also seeking equitable relief not limited to a declaration by this Court that the Plaintiffs' rezoning application be approved). Furthermore, as explained in detail above, it appears a federal question is presented on

the face of Plaintiffs' complaint and the federal issues predominate the state issues. This is not an instance where Plaintiffs' success on federal claims depends on this Court's resolution of state law claims. Indeed, again, Plaintiffs' only exclusively state law cause of action is their request for attorney's fees under South Carolina law, and, as previously noted, Plaintiffs also seek attorney's fees under federal law in their prayer for relief. *Id.* at 9–10. Additionally, because Plaintiffs chose to raise the issue for the first time in their reply brief, Defendants have not had any opportunity to address the abstention arguments raised by Plaintiffs. Moreover, the Court recognizes the fundamental proposition that abstention is the exception, not the rule. *Colo. River Water Conservation Dist.,* 424 U.S. at 813. Based upon this principle, the Complaint as currently drafted, and the limited arguments before the Court, the Court finds there is not sufficient information to determine whether abstention is appropriate under the *Burford* doctrine and, in its discretion, declines to abstain at this procedural posture. Accordingly, Plaintiffs' Motion to Remand is denied, but, for the reasons outlined above, such denial is made without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand [7] is DENIED without prejudice, and this Court will retain jurisdiction over all claims.

IT IS SO ORDERED.

                                                                            s/ Donald C. Coggins, Jr.
                                                                            United States District Judge

April 25, 2025
Spartanburg, South Carolina